Sixth case this morning Garcia-Hernandez v. Loretta Lynch Good morning and may it please the court, my name is Andrea Duron and I represent the Martine Garcia-Hernandez and his appeal this morning. Our argument before the court is twofold. First, the immigration judge failed to place the correct burden of initial proof that Mr. Garcia was was convicted of a mandatory criminal bar for the relief that he was seeking before the immigration judge which was cancellation of removal. Second, that even if Mr. Garcia even if there was sufficient documented evidence that Mr. Garcia was convicted of a mandatory bar that he did in fact meet his burden of proof showing that that violation of order of protection and this violation of order of protection is what causes the appeal this morning. The initial evidence of this crime, the burden of proof was initially placed on the respondent to show that the criminal bar existed. Statutorily under 8 CFR section 1240.8d it clearly shows the initial burden of proof to show that a criminal part bar exists falls in the lap of the agency. Counsel I don't understand why the initial burden of proof makes any difference at this point in view of the evidence that we have about the conviction. Why does it matter who introduced the the evidence at this point? Your Honor, it may not specifically matter in this case but I think that it does matter it does matter in the whole as to whether or not a respondent bears the burden of proof of showing that a conviction exists. Well I understand you may have a theoretical objection to the way immigration judges deal with that issue in other cases but I don't see how it affects the outcome here. Let me ask you to address something that actually does seem central to me which was that the Board of Immigration Appeals here based its decision as I read it on the Strida case which says in essence that a violation of a no contact provision in a protective order qualifies as a violation of a provision that's intended to protect against violence. That was the basis of the board's decision. I didn't see it addressed in your brief. Your Honor, I do believe it that it was addressed in our brief. Maybe I missed it? So in our brief and I believe that our brief our brief didn't specifically address the Strida decision but I think that it did generally address the issue as to whether or not the violation of the order of protection is categorically. I understand well okay I guess I'm a little surprised to see a challenge to a board decision that does not address the precedent upon which the board relied and to which I believe we're required to and in this case I believe that the Board of Appeals missed the greater picture here and that yes the Strida decision addresses the issue as to whether or not the no contact provision of the order was violated but there was no determination as to whether or not the be a violation itself or the crime itself falls squarely under 237.8282 which requires that that determines that an alien who violates a portion of the of a protection order that protects against credible threats of violence repeated harassment or bodily injury is deportable and in this case the applicable statute the Illinois state statute of violation of an order of protection because of the way that it's drafted doesn't fall doesn't fall squarely within the elements of the federal statute. I thought Stridum decided if you violate the no contact order that no contact part of a protective order that's enough and under the Illinois statute under Roman at one a remedy in a valid order of protection authorized under paragraphs several choices one of which is three which is the no contact provision right? That is correct, your honor. I gotta tell you that looks to me like the modified categorical approach fits it to a tee given the charging document that we've got here. So our argument in our brief is that is that we don't get to get we don't get to the modified categorical approach that in this case because of the way the statute is written and because the statute does not clearly delineate different acts that are or are not qualified criminal acts under the federal statute that we only get to use the categorical approach. If you look at the three sub statutes Roman numeral one, Roman numeral two, and Roman numeral three. Of the state statute. Of the state statute, correct, your honor. Roman numeral three if we were if we were only looking at Roman numeral one then we may concede that point but we have to look at the statute as a whole and we look at Roman numeral three. Why? That's what the modified categorical approach is for. I mean you were right you can you know you can there are a lot of different ways to violate this state statute. Different paths under one, two, and three in paragraphs one, two, three, fourteen, or fourteen point five, etc. But here we've got the charging documents that lets us trace this through Roman Roman numeral one, paragraph three, no contact. Sturdum. What am I missing? So, so your honor because Roman numeral three exists the modified categorical approach would be inappropriate. Roman numeral three encompasses it could encompass a whole line of... Why do we need to look at Roman numeral three and just why can't we just look at number one that's enough to violate the state statute, right? Because the only way that we get to modified categorical approach is if we determine that there is a clear distinction between between items that would violate the federal statute and items that would not violate the federal statute. So we have to look at Roman numeral one, two, and three and in Roman there's no way to distinguish whether or not, there's no way to distinguish which crime would specifically create a connection to 237A2E2 which requires that the alien violate a portion of the order that involves protecting, protection of the person's protected. So protection against credible threats of violence, repeated harassment, or bodily injury. Under Roman numeral three it is possible for example that a person who was a person who under a order of protection was ordered to, for example, and this is allowable in the Illinois statute to pay child support under the order. The failure of paying child support is criminalized in Illinois. I understand but this isn't a case under Roman three, it's a case under Roman one. Well but Your Honor, my argument is that we cannot use the categorical approach to get to that point because taken as a whole the statute does not allow us to do that. It doesn't. Why not? It's a divisible statute. My argument is that it is not divisible. Okay, that's your argument. I'm actually kind of curious under the federal statute as to why we're limited to the categorical and modified categorical approach at all. Since the critical question is what has the court determined about the defendant's conduct, right? Correct. Who the court determines has engaged in conduct that violates the portion of protection under the order. Suppose you had a very broad statute, maybe you were just operating under number Roman three of the state statute, but the court made an express finding on the record that the defendant had physically assaulted the person protected under the order. Shouldn't that be sufficient to satisfy the plain language of the federal statute? Your Honor, that's a difficult question. I was not the case. I'm just asking, it is not this case, you're right, but I'm asking whether under 237 A2E2 with that language about whom the court determines has engaged in conduct, whether such an explicit factual finding by a state criminal court would be sufficient even if the particular I would still argue that, because the statute itself is not divisible, because you can't make the distinction between what would or would not qualify as a crime under 237. Thank you. That would not be the case. Thank you. Thank you, counsel. Mr. Mince. May it please the court, Tim Remitz on behalf of the United States Attorney General Loretta E. Lynch. In this immigration case, the board found the petitioner ineligible for cancellation removal. I found the petitioner failed to meet his burden of proof of establishing eligibility for cancellation removal. He failed to prove he did not have a disqualifying criminal conviction based on his conviction for violation of an order of protection in Illinois law, which seemed to be rendered him removable as an alien to violate a protective order under 1227 A2EII. The petitioner challenges this decision in two ways. One, she alleges that the immigration judge improperly placed the burden of proof on her to establish the absence of a disqualifying criminal offense. And two, that the statute is categorically overbroad for statute of conviction. It's not divisible. The record of conviction is not otherwise established. 1227 A2EII. Most all these arguments are not exhausted, first of all. This argument about the burden of proof was not before the board. This is the first time this has appeared before this court. The burden of proof statute 1227 AC4 is a statute the board administers. You should have an opportunity to consider these arguments in the first instance. Second, regarding this categorically overbroad argument the petitioner was making, that was also not briefed before the board. The petitioner assumed the modified categorical approach applied before the board and argued the record of conviction. So that streamlines this case to one issue, which was what was raised before the board, whether or not this no-contact provision part of a protective order protects against credible threats to violence, bodily injury, and harassment. As the board cited, it has a precedent decision on this issue, a matter of strident from 2011. It found that statute test for language might be ambiguous to that point. It doesn't say no contact orders. It's entirely in keeping with the intent of the statute to have this no-contact provision protect against credible threats of violence, for there is no other point to that no-contact provision when issued in a domestic violence context. It's meant to separate the interpretation into violence. And that's really, that is a published decision of the board and would warrant Chevron deference for ambiguity in the statute. And this is an entirely reasonable interpretation of the statute, keeping with congressional intent, as respondent went over in a respondent's brief. Legislative history in acting this particular removal ground entirely supports the board's decision. And again, otherwise, every other issue in this case is not exhausted. But I'd like to address something the panel seized upon at the very end of Petitioner's argument. This is this idea that perhaps the categorical approach is not the best fit for this removal statute. We noted this in a footnote in our brief. This is something that another, a Ninth Circuit judge, Judge Wu, also seized upon. This is in his concurring opinion, Sozali v. Holder, a 2009 decision of the court, referenced in our footnote. It states that there is no conviction required for this particular removal ground. And under Moncrief v. Holder, conviction, that's the trigger for this Taylor categorical analysis. What you need, though, is a finding, right? Just need a finding. And when you're looking at a finding, a factual finding, that does not necessarily involve the categorical approach. This is more similar to what the Supreme Court described in Nijuan v. Holder. That described a circumstance-specific approach to particular immigration removal statutes. In that case, in Nijuan, it was an aggravated felony definitional statute, 1101 A.M.I., I believe, where the statute was classifying an aggravated felony as a crime of fraud or deceit in which the loss to the victim exceeded $10,000. Fraud or deceit was a generic crime, but that language requiring a loss in excess of $10,000, that was very factually specific. And in Nijuan, you'll see language in that decision where it's saying the immigration statute's asking what conduct was engaged in. And that is exactly the language used in this particular removal statute. It asks what conduct was engaged in on the specific occasion. I believe the exact language is, a court has found that the alien has engaged in conduct that violated a portion of a protective order that involved protection against credible threats of violence, harassment, or bodily injury. That is not calling for convictions, not calling for comparison of elements. It's calling for a very circumstance-specific approach to the statute. Right. But it doesn't allow the immigration judge to, for example, hold a factual hearing about what happened in the confrontation between Mr. Garcia and the woman who was complaining, right? Correct. You've got to have a court finding. Well, if you have the circumstance-specific approach just relies on all reliable evidence. So in that case, for Nijuan, for that loss in excess of $10,000, they could look at other documents outside the record of conviction, reliable documents. But there's certainly cases where there could be a court finding where they found they violated this protective order, but they weren't convicted of it. It could be a term of probation, for example, and it would still be reflected in the docket. More commonly, a divorce proceeding. I'm not familiar with the divorce proceedings myself, thankfully. You're fortunate. Yeah, fortunately. However, I... These issues routinely get litigated in state court in the context of family court proceedings of various types. Child custody disputes after a divorce proceeding is concluded. Sounds entirely reasonable. These no-contact orders are issued in a variety of contexts in the state courts. In that case, are they convicted of the violation? I assume the reason for the difference in language is because there are no-contact orders in endless contexts in the state courts in which these orders are issued, criminal and otherwise. Cell phone, telephone. Yes, I think that's why this statute was so carefully awarded. It doesn't require that conviction. It probably envisions scenarios like this. We can go outside the record of conviction, or we could look at not necessarily a comparison of elements. So I think I would suggest the court sees that approach as the best approach. I would agree that's the best approach to the statute. It's a more circumstance-specific approach. It's not really necessary here, though. Not necessary in this case because the record of conviction clearly shows, you look at a criminal complaint, violation of paragraph 3. Paragraph 3 under the Illinois statute is a no-contact order. Stay-away provision. As the board stated in the matter of Stratton, stay-away provision protects against credible threats of violence. That's its only purpose. So in this case, it's very streamlined, as I said. It's a modified categorical approach. The record of conviction clearly shows violation of no-contact order, and that is protection against credible threats of violence. Panels, any other questions? If not, I will sit down. Thank you, counsel. Mr. Brown, you're out of time. I'll give you a minute to respond if you have anything. My rebuttal will be very brief. I would just like to reiterate our position that the charging statute for the state of Illinois is not divisible because of the way it is written and because you cannot distinguish between elements that may or may not fall under the federal statute in this case, and specifically paragraph 3 of the Illinois state statute. Thank you. Thanks to both counsel when the case is taken under advisement.